IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PETER KOSTYSHYN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. No. 11-551-SLR |
| | ) |
| J. MARKELL, Governor, et. al, | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM ORDER**

At Wilmington this 6th day of March, 2012, having reviewed the above captioned case;

IT IS ORDERED that petitioner Peter Kostyshyn's ("petitioner") motion for reargument (D.I. 4) is **DENIED**, for the reasons that follow:

**1. Background.** In his habeas application, petitioner alleged that the Delaware state courts were denying him his constitutional right to effective representation by counsel on appeal. (D.I. 1) Petitioner asked this court to order the federal public defender's office to represent him in said appeal. Given the appellate status of petitioner's state court case, the court dismissed his application without prejudice for failure to exhaust state court remedies. (D.I. 3)

**2. Standard of Review.** Pursuant to Local Rule 7.1.5, a motion for reargument should be granted sparingly. D. Del. LR 7.1.5 (2010). The principles governing such motions are as follows: (1) reargument should be granted only when the merits clearly warrant and should never be afforded a litigant if reargument would not result in an amendment of an order; (2) the purpose of reargument is to permit the court to correct

error without unduly sacrificing finality; and (3) a motion for reargument may not be used by the losing litigant as a vehicle to supplement or enlarge the record provided to the court and upon which the merits decision was made unless "new factual matters not previously obtainable have been discovered since the issue was submitted to the court." *Schering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998). A motion for reargument can only be granted if the court patently misunderstood a party, the court made a decision outside the adversarial issues presented to the court by the parties, or the court made an error of apprehension rather than of reasoning; a motion that simply "rehashes materials and theories already briefed, argued, and decided" should be denied. *Id.*

3. **Discussion.** The court dismissed petitioner's application as unexhausted because he indicated that his appeal was still pending. Now, in his motion for reargument, petitioner provides further argument as to why this court should grant his request for representation in his state appeal, without addressing the issue of exhaustion. Accordingly, the court concludes that petitioner has failed to satisfy the standards for granting reargument.

4. The court also declines to issue a certificate of appealability, because movant has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. L.A.R. 22.2 (2011).

IT IS FURTHER ORDERED that the clerk of the court shall close the case.

_____
UNITED STATES DISTRICT JUDGE